UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GUSTAVIA HOME LLC,

                Plaintiff,        Case No: 1:17-cv-04188-MKB-SMG

-against-                   **ANSWER WITH AFFIRMATIVE**
                                                  **DEFENSES AND COUNTERCLAIM**

10586 FLATLANDS 1 REALTY CORP.;
JP MORGAN CHASE BANK, N.A.;
ATLANTIC CREDIT & FINANCE INC.;
NEW YORK CITY DEPARTMENT OF
FINANCE; and NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD,

                Defendants       **JURY TRIAL REQUESTED**
-------------------------------------------------------x

Defendant 10586 Flatlands 1 Realty Corp. ("Owner"), as the owner and holder of the recorded deed against the property that is the subject of this action ("Property"), hereby alleges as follows in support of Owner's Answer with Affirmative Defenses and Counterclaim, by and through its undersigned counsel, as set forth below.

1.      The Owner denies the truth of the allegations set forth in the following paragraphs of Plaintiff's Complaint: 2, 3, 4, 5, 10, 11, 15, 17, 18, 19, 20, 22, 23, 24, 25 and 26.

2.      The Owner denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the following paragraphs of Plaintiff's Complaint: 6, 7, 8, 9, 16 and 21.

3.      The Owner refers the Court to the referenced documents and/or written instruments set forth in the following paragraphs of Plaintiff's Complaint, the contents of which speak for themselves, whether factually or otherwise: 1, 13 and 14.

### AFFIRMATIVE DEFENSES

4.      First Affirmative Defense: One of the de jure and/or de factor members of the limited liability company Plaintiff is Yonel Devico whose principal place of business is

1

in the State of New York and who, upon information and belief, resides in the State of New York. Upon information and belief, Mr. Denico also acts as the de jure and/or de factor managing member of the limited liability company Plaintiff. Mr. Denico's status as a New York citizen, acting as a de jure and/or de facto member of the limited liability company Plaintiff, means that the Court lacks diversity of citizenship subject matter jurisdiction over this foreclosure action.

5. Second Affirmative Defense: Pursuant to CPLR 213(4), the second mortgage is unenforceable against the Property under the mortgage foreclosure statute of limitations.

6. Third Affirmative Defense: Plaintiff is not the owner and holder of a valid and enforceable second mortgage against the Property.

7. Fourth Affirmative Defense: Plaintiff did not pay a legally sufficient consideration to acquire the second mortgage against the Property.

8. Fifth Affirmative Defense: The entity from whom Plaintiff alleges to have acquired the second mortgage against the Property was not the owner and holder of a valid and enforceable second mortgage against the Property.

9. Sixth Affirmative Defense: Plaintiff has not obtained personal jurisdiction over the Owner in accordance with due process and/or the service of process statutes under New York law and federal law applicable to this diversity action.

10. Seventh Affirmative Defense: Plaintiff has failed to name and join necessary and/or indispensable parties to this second mortgage foreclosure action, including but not limited to (a) the person who improperly granted an invalid, legally unenforceable, subordinate third mortgage that has been recorded against the Property, to wit: Milford Haughton and (b) the owner and holder of a recorded first mortgage against the Property

that has also become unenforceable under the mortgage foreclosure statute of limitations, to wit: Residential Mortgage Trust 2008-R1 and/or any alleged successors in interest thereto such as First National Bank of Arizona and/or Wells Fargo Bank, N.A., not in its individual or banking capacity, but solely as Trustee for the Residential Mortgage Trust 2008-R1 and/or DLJ Mortgage Capital, Inc. and/or Wilmington Savings Fund Society, FSB, as Trustee of Stanwich Mortgage Loan Trust A.

## COUNTERCLAIM

11.  On or about June 18, 2007, National City Bank ("NCB"), as the original second mortgage lender, and Valerie A. Dupont ("Dupont"), as the then owner of the Property, entered into a second mortgage loan transaction, pursuant to which NCB loaned the principal sum of $142,000 to Dupont, repayment of which, together with interest thereon, was secured by NCB's second mortgage lien against the Property (the "Second Mortgage"). On or about January 22, 2008, the Second Mortgage was recorded against the Property with the New York City Register's Office in Kings County.

12.  Starting in August 2008, and for each month thereafter to August 2009, Dupont failed to pay any portion of the required monthly amount then due under both a senior First Mortgage and the subordinate Second Mortgage and, by virtue thereof, Dupont defaulted under both the First Mortgage and the Second Mortgage (the "Defaults").

13.  The Second Mortgage indicates that Dupont's failure to pay the required monthly amount due under the senior First Mortgage also constitutes a separate and distinct default under the subordinate Second Mortgage.

14.  Upon information and belief, in response to the Defaults, and pursuant to the acceleration rights in the First Mortgage, the then owner of the First Mortgage exercised

its right to accelerate the First Mortgage debt prior to the commencement of mortgage foreclosure litigation in state court described below.

15. Upon information and belief, in response to the Defaults, and pursuant to the acceleration rights in the Second Mortgage, NCB, as the original owner of the Second Mortgage, exercised its right to accelerate the Second Mortgage debt prior to the commencement of mortgage foreclosure litigation in state court described below.

16. On or about August 7, 2009, the then owner of the First Mortgage commenced mortgage foreclosure litigation in state court against the Property, pursuant to which NCB was named as a party-defendant, in order to terminate the Second Mortgage as a subordinate lien against the Property, and to have a First Mortgage foreclosure sale of the Property free and clear of the Second Mortgage. See *Residential Mortgage Trust 2008 R-1 (Plaintiff) vs. Valerie A. Dupont, Ghislaine Ladiquan, National City Bank, JP Morgan Chase Bank, N.A., NYC Environmental Control Board and "John Doe" and "Jane Doe" (Defendants)*, Supreme Court of the State of New York, County of Kings, Index No: 20161/2009 (the "2009 Foreclosure Action").

17. The filed foreclosure complaint in the 2009 Foreclosure Action indicates that the then owner of the First Mortgage has exercised its right to accelerate the First Mortgage debt secured by the Property.

18. Service of process in the 2009 Foreclosure Action was properly effectuated on NCB, as the owner and holder of the Second Mortgage.

19. NCB filed a Notice of Appearance and Waiver, dated October 9, 2009, in the 2009 Foreclosure Action, pursuant to which NCB, through counsel of record, affirmatively asserted a "Claim To Surplus Monies" to enforce the Second Mortgage

against the amount of any foreclosure sale proceeds that remain after payment of the First Mortgage (the "2009 Second Mortgage Enforcement Filing").

20.     Pursuant to appellate precedent, NCB's filing of the Second Mortgage Enforcement Filing in the 2009 Foreclosure Action constitutes an acceleration of the Second Mortgage Debt as of October 9, 2009 (the "2009 Second Mortgage Acceleration").

21.     By Order, dated August 20, 2012, the Court dismissed the 2009 Foreclosure Action for neglect to prosecute, arising from the failure of any mortgagee therein to "correct the infirmities" in the prosecution of the case (as such "infirmities" were set forth in an attachment to a prior May 17, 2012 Order) by a court-ordered deadline of August 17, 2012.

22.     On or about April 14, 2014, another first mortgage foreclosure litigation against the Property was commenced in state court, pursuant to which NCB, the then owner of the Second Mortgage, was again named as a party-defendant. See *Wells Fargo Bank, N.A., not in its individual or banking capacity, but solely as Trustee for The Residential Mortgage Trust 2008 R-1 (Plaintiff) vs. Valerie A. Dupont a/k/a Valerie Dupont, Ghislaine Ladjouan, National City Bank, JP Morgan Chase Bank, N.A., Atlantic Credit & Finance Inc. A/P/O HSBC, New York City Department of Finance, LVNV Funding LLC A/P/O GE Capital, Arrow Financial Services, LLC, New York City Environmental Control Board, and "John Doe #1" through "John Doe #10" (Defendants),* Supreme Court of the State of New York, County of Kings, Index No: 503210/2014 (the "2014 Foreclosure Action").

23. The filed foreclosure complaint in the 2014 Foreclosure Action (a) references the 2009 Foreclosure Action, (b) states that, based upon the prior defaults dating back to the summer of 2008, the mortgagee previously "elected" to accelerate the mortgage debt and, "by virtue of such acceleration" the mortgage debt was accelerated as of July 1, 2008 and (c) the mortgagee "shall not be deemed to have waived, altered, released or changed the election hereinbefore made" previously to accelerate the mortgage debt.

24. Service of process in the 2014 Foreclosure Action was properly effectuated on NCB, as the owner and holder of the Second Mortgage against the Property.

25. In the 2014 Foreclosure Action, neither NCB nor any alleged successor in interest thereto (such as Plaintiff herein) filed any notice or other legal instrument purporting to "revoke" or "cancel" the 2009 Second Mortgage Acceleration.

26. By Order, dated October 3, 2016, the Court dismissed the 2014 Foreclosure Action because the named plaintiff-mortgagee therein lacked standing to foreclose as of the April 14, 2014 commencement date thereof.

27. Under CPLR 213(4), there is a six year statute of limitations during which a mortgagee can enforce its mortgage against the mortgaged property.

28. Under appellate precedent, and pursuant to the facts and circumstances set forth above, the six year statute of limitations under CPLR 213(4) for the enforcement of the Second Mortgage against the Property commenced not later than the date of the 2009 Second Mortgage Acceleration, to wit: as of October 9, 2009.

29. Under CPLR 213(4) and appellate precedent, the court ordered dismissal of the 2009 Foreclosure Action (by court order dated August 20, 2012) and the 2014 Foreclosure Action (by court order dated October 3, 2016) does not "toll" or "suspend"

or "revoke" the running of the six year statute of limitations for the enforcement of the Second Mortgage against the Property.

30.     Under CPLR 213(4) and appellate precedent, upon the court ordered dismissal of the 2014 Foreclosure Action by court order dated October 3, 2016, the six year statute of limitations for the enforcement of the Second Mortgage against the Property is deemed to have expired and terminated, by operation of law, on or about October 9, 2015 - - which is six years after the 2009 Second Mortgage Acceleration that had commenced the statute of limitations, on or about October 9, 2009, for the enforcement of the Second Mortgage.

31.     Neither NCB nor any alleged successor in interest thereto (such as Plaintiff herein) commenced a Second Mortgage foreclosure action by October 9, 2015 when the mortgage foreclosure statute of limitations expired and, therefore, (a) this Second Mortgage foreclosure action, commenced on July 14, 2017, is time-barred under the statute of limitations in CPLR 213(4) and (b) the Second Mortgage allegedly owned by Plaintiff became unenforceable against the Property, whether as of October 10, 2015 or on any other date that precedes the commencement of this action on July 14, 2017.

32.     Pursuant to RPAPL 1501(4) and/or Article 15 of the Real Property Actions and Proceedings Law and/or CPLR 213(4), the Owner is entitled to a quiet title order and judgment declaring, *inter alia*, that (a) the Second Mortgage became unenforceable against the Property, whether as of October 10, 2015 or on any other date that precedes the commencement of this action on July 14, 2017 and (b) the Second Mortgage should be discharged and canceled of record as a lien against the Property.

## TRIAL BY JURY

33.     Pursuant to the Federal Rules of Civil Procedure, the Owner respectfully request that all issues, claims, defenses and counterclaims that may be triable herein should be tried before a jury.

**WHEREFORE**, the Owner respectfully requests that the Court issue an Order and Judgment (a) dismissing the action with prejudice and awarding the costs and and disbursements thereof to Owner and (b) granting the quiet title relief sought on its Counterclaim herein against the Plaintiff together with the costs and disbursements thereof.

Dated: September 3, 2017
       New York, New York

Respectfully submitted,

Law Offices of Michael B. Wolk, P.C.

By: _____
         Michael B. Wolk
130 West 42nd Street, Suite 405
New York, New York 10036
Tel: 917-238-0576
Email: michael.wolk@wolkgroup.com
Attorney for Defendant
 10586 Flatlands 1 Realty Corp.
