```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
GUSTAVIA HOME, LLC,                                               :
                                                                  :
                           Plaintiff,                             :     REPORT &
                                                                  :     RECOMMENDATION
        -against-                                                 :     17-CV-4188 (MKB)
                                                                  :
10586 FLATLANDS 1 REALTY CORP.; JP MORGAN                         :
CHASE BANK, N.A.; ATLANTIC CREDIT &                               :
FINANCE INC.; NEW YORK CITY DEPARTMENT OF                         :
FINANCE; and NEW YORK CITY ENVIRONMENTAL                          :
CONTROL BOARD,                                                    :
                                                                  :
                           Defendants.                            x
------------------------------------------------------------------
```
GOLD, STEVEN M., U.S. Magistrate Judge:

## INTRODUCTION

Plaintiff Gustavia Home, LLC ("Gustavia" or "plaintiff") brings this action pursuant to N.Y. R.P.A.P.L. § 1301 *et seq.* to foreclose on a mortgage encumbering the property commonly known as 105-86 Flatlands 1st Street, Brooklyn, NY 11236 (the "property"). Gustavia moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against defendant 10586 Flatlands 1 Realty Corp. ("10586 Flatlands" or "defendant"), and 10586 Flatlands cross-moves under Rule 56 for summary judgment against Gustavia. United States District Judge Margo K. Brodie has referred the motions to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion for summary judgment be denied, that defendant's cross-motion for summary judgment be granted pursuant to 28 U.S.C. § 1359 on the ground that plaintiff manufactured diversity of citizenship. Accordingly, I respectfully recommend that this action be dismissed for lack of federal subject matter jurisdiction without prejudice to plaintiff bringing the action in a proper forum.

## FACTUAL BACKGROUND

On or about June 18, 2007, nonparty Valerie A. Dupont took out a mortgage on the property (the "First Mortgage"), in the amount of $568,000, in a transaction with First National Bank of Arizona ("FNBA"). Def.'s Cross-Mot. Rule 56.1 Statement ¶ 1, Dkt. 35-17.[1] On the same day, Dupont took out another mortgage (the "Second Mortgage") in a transaction with National City Bank ("NCB") in the amount of $142,000. Pl.'s Rule 56.1 Statement ¶¶ 3–4, Dkt. 40. The First Mortgage was recorded in Kings County on or about July 24, 2007, while the Second Mortgage was recorded in Kings County on or about January 22, 2008. Def.'s Cross-Mot. Rule 56.1 Statement ¶¶ 2, 4. According to Gustavia, Dupont defaulted on both of her mortgages and failed to cure the default following transmittal of 30-day default and 90-day pre-foreclosure notices that were mailed to Dupont on July 22, 2016. Pl.'s Rule 56.1 Statement ¶¶ 5–7. 10586 Flatlands asserts that Dupont's defaults began in August 2008 and continued monthly thereafter. Def.'s Cross-Mot. Rule 56.1 Statement ¶ 5.

FNBA assigned its rights under the First Mortgage to Residential Mortgage Trust 2008 R-1 ("RMT") on or about July 9, 2009, and RMT commenced foreclosure proceedings in state court (the "First State Foreclosure") on or about August 7, 2009. *Id.* ¶¶ 6–7; Decl. of Michael B. Wolk ("Wolk Decl.") Ex. A, Dkt. 35-3. RMT named NCB as a defendant in the First State Foreclosure, seeking to terminate the Second Mortgage as a subordinate lien. Defendant asserts that, no later than October 9, 2009, NCB elected to pursue enforcement of the Second Mortgage during the First State Foreclosure, claiming entitlement, in the event of a foreclosure sale, to any surplus proceeds that remained after the First Mortgage was satisfied. Def.'s Cross-Mot. Rule

---

[1] Plaintiff has not submitted a response to Defendant's 56.1 Statement, and the facts set forth in defendant's statement are thereby deemed admitted. *See* Local Civil Rule 56.1(c). In any event, it appears from a review of the parties' submissions that the facts stated in the text are undisputed except where otherwise noted.

56.1 Statement ¶¶ 10–11; Wolk Decl. Ex. B, Dkt. 35-4. The First State Foreclosure was dismissed on August 20, 2012 for neglect to prosecute. Def.'s Cross-Mot. Rule 56.1 Statement ¶ 13; Wolk Decl. Ex. C, Dkt. 35-5.

Wells Fargo Bank, N.A. ("Wells Fargo"), acting as trustee for RMT, commenced further foreclosure proceedings in state court on or about April 14, 2014 (the "Second State Foreclosure"), again naming NCB as a defendant. Def.'s Cross-Mot. Rule 56.1 Statement ¶ 14; Wolk Decl. Ex. D, Dkt. 35-6. That foreclosure action was also dismissed. Def.'s Cross-Mot. Rule 56.1 Statement ¶ 17.

10586 Flatlands became the record owner of the property pursuant to a deed dated October 13, 2016 and recorded in the Kings County Clerk's Office on October 21, 2016. Verified Compl. ("Compl.") ¶ 5, Dkt. 1; Def.'s Cross-Mot. Rule 56.1 Statement ¶ 17; Wolk Decl. Ex. E, Dkt. 35-7. Plaintiff claims to be the owner and holder of the Second Mortgage through transfer by way of an allonge. Compl. ¶ 15.[2] 10586 Flatlands disputes the allegation that Gustavia is the owner and holder of the note and mortgage, asserting that NCB never assigned the mortgage to anyone, Def.'s Opposition Rule 56.1 Statement ¶ 4, Dkt. 35-18, that there is no recorded assignment of the mortgage to Gustavia, *id.*, and that the allonge purporting to transfer ownership of the note to Gustavia lacks both a date and an indication of the amount of any consideration paid for the note, Mem. of Law by the Def.-Owner 10586 Flatlands 1 Realty Corp. ("Def.'s Mem.") at 15, Dkt. 35-1.

---

[2] The note is among several exhibits filed as part of plaintiff's complaint. *See* Compl. Ex. C, Dkt. 1-1. This exhibit shows three undated allonges appended to the note: (a) one that appears to be signed by a vice president of "PNC Bank, N.A., successor by merger to National City Bank," and on which the line next to "Pay to the order of" is left blank, (b) a second that appears to transfer ownership of the note from Summit Real Estate Partners, L.P. to NPL Capital, LLC ("NPL Capital"), and (c) a third that appears to transfer ownership from NPL Capital to Gustavia. *Id.*

As the claimed mortgagee under the Second Mortgage, plaintiff commenced foreclosure proceedings in this Court on February 16, 2017, naming Dupont as a defendant alongside all the defendants named in the present action. *See* Verified Compl., *Gustavia Home, LLC v. Dupont*, 17-cv-903 (E.D.N.Y. April 17, 2017), Dkt. 1. That action was voluntarily dismissed by Gustavia two months later. Endorsed Notice of Voluntary Discontinuance, *Dupont*, 17-cv-903, Dkt. 9. Gustavia commenced the present action on July 14, 2017 without naming Dupont as a defendant.

Defendant contested this Court's subject matter jurisdiction in its answer. Answer with Affirmative Defenses and Countercl. ("Answer") ¶ 4, Dkt 14.[3] For that reason, at the Rule 16 conference held October 4, 2017, I gave the parties an opportunity to conduct discovery with respect to diversity over a period of approximately three months. *See* Min. Entry dated Oct. 4, 2017, Dkt. 20. Plaintiff served its motion for summary judgment on defendant on May 22, 2018, *see* Letter dated May 23, 2018, Dkt. 27, and filed it with the Court on July 11, 2018, Notice of Mot. in Supp. of Pl.'s Mot. for Summ. J., Dkt. 38. Defendant filed its opposition and cross-motion with the Court on June 26, 2018. Notice of Cross-Mot. by the Def.-Owner 10586 Flatlands 1 Realty Corp. for Summ. J., Dkt. 35. Judge Brodie referred the motions to me for report and recommendation by Order dated October 16, 2018.

## DISCUSSION

"Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Accordingly, I begin

---

[3] In its answer, defendant challenged subject matter jurisdiction by alleging that one Yonel Devico is a New York resident and a *de jure* or *de facto* member of Gustavia, a limited liability company, thereby destroying diversity. Answer ¶ 4. I make no finding with respect to that allegation in this Report because I recommend dismissal under 28 U.S.C. § 1359.

4

by considering defendant's challenge to subject matter jurisdiction. Because I find below that this Court lacks subject matter jurisdiction to hear this case, I decline to consider the remainder of plaintiff's and defendant's arguments on the merits.

I.      **Summary Judgment**

Summary judgment is properly granted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Kaytor v. Electric Boat Corp.*, 609 F.3d 537, 545 (2d Cir. 2010). "The Court is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004) (internal quotation marks and citation omitted).

The initial burden of establishing that there are no genuine issues of material fact falls on the moving party; if the movant meets that burden, the non-moving party must produce evidence of specific facts that raise a genuine issue for trial to avoid summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Samuels v. Mockry*, 77 F.3d 34, 36 (2d Cir. 1996). Mere conclusory allegations are insufficient; "[t]here must be more than a 'scintilla of evidence'" to defeat a summary judgment motion. *Heublein v. United States*, 996 F.2d 1455, 1461 (2d Cir. 1993) (quoting *Anderson*, 477 U.S. at 252). The nonmoving party must "go beyond the pleadings and by [his or] her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citations omitted). "If, as to the issue on which summary judgment is sought, there is evidence in the record from any source from which a reasonable inference could be drawn in favor of the nonmoving party, summary

judgment is improper." *Chambers v. TRM Copy Ctrs. Corp.*, 43 F.3d 29, 37 (2d Cir. 1994) (citation omitted). However, Rule 56

> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

*Celotex*, 477 U.S. at 322–23.

## II. Manufactured Diversity Under 28 U.S.C. § 1359

### A. Legal Standard

Under 28 U.S.C. § 1359, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. The Supreme Court held in *Kramer v. Caribbean Mills* that an assignment made, admittedly "in substantial part . . . to make diversity jurisdiction available," fell "within [the] very core" of § 1359. 394 U.S. 823, 828, 830 (1969). The Second Circuit has on several occasions construed § 1359 in a similarly broad way, holding "that appointment of an administrator for the purpose of obtaining federal jurisdiction violates section 1359," *O'Brien v. AVCO Corp.*, 425 F.2d 1030, 1036 (2d Cir. 1969), "that where it is shown that a non-diverse parent corporation has assigned a claim to its wholly owned diverse subsidiary engaged in no business other than the prosecution of that claim, the assignment must be treated as presumptively improper and as having been undertaken for the purpose of attempting to manufacture diversity jurisdiction," *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469, 476 (2d Cir. 1976), and that there are situations where, even though the assignor and assignee "do not enjoy a parent-subsidiary relationship, . . . their close ties trigger

6

the presumption of collusion," *Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857, 863 (2d Cir. 1995).

With respect to diversity jurisdiction, "[t]he party asserting jurisdiction bears the burden of proof." *Pa. Pub. Sch. Empls.' Retirement Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (citation omitted); *see also Herrick Co. v. SCS Comms., Inc.*, 251 F.3d 315, 322–33 (2d Cir. 2001) ("[I]t is well established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" (quoting *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998))). In the context of an assignment challenged pursuant to § 1359, "[o]nce the question of jurisdiction is raised, the party asserting diversity jurisdiction has the burden of proving the assignment was not collusive." *Airlines Reporting Corp. v. S and N Travel, Inc.*, 857 F. Supp. 1043, 1048 (E.D.N.Y. 1994), *aff'd*, 58 F.3d 857 (2d Cir. 1995). When evaluating a claim of manufactured diversity jurisdiction pursuant to § 1359, "[c]ourts consider, *inter alia*: the assignee's lack of a previous connection with the claim assigned; the remittance by the assignee to the assignor of any recovery; whether the assignor actually controls the conduct of the litigation; the timing of the assignment; the lack of any meaningful consideration for the assignment; and the underlying purpose of the assignment." *Airlines Reporting Corp.*, 58 F.3d at 863 (internal citations omitted).

B. Analysis

The basis of defendant's § 1359 argument is its assertion that plaintiff acquired the Second Mortgage by assignment from NPL Capital, a non-diverse New York assignor, without paying "meaningful consideration." Def.'s Mem. at 14–15. Defendant also points out that the allonge apparently evidencing the assignment is undated and that there is no recorded assignment

7

of the Second Mortgage from NPL Capital to plaintiff. *Id.* at 15–16; *see* Compl. Ex.C, Dkt. 1-1 at 19.

Defendant's assertion is sufficient to carry its initial burden as a cross-movant under Rule 56. "When the moving party does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion at trial." *Schnabel v. Sullivan*, 2008 WL 4560090, at *2 (E.D.N.Y. Sep. 29, 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)); *accord Whelan v. AMR Corp.*, 2005 WL 8160049, at *5 (E.D.N.Y. Nov. 23, 2005) ("Where the moving party does not bear the burden of proof at trial, his initial burden on summary judgment 'may be discharged by showing, that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case.'" (quoting *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 713 (2d Cir. 1991))). Because plaintiff bears the burden to prove complete diversity, defendant meets its summary judgment burden on its § 1359 challenge to jurisdiction by pointing out the lack of evidence of when and for what consideration the assignment of the note to plaintiff was made—evidence that would weigh in plaintiff's favor under the § 1359 test enunciated in *Airlines Reporting Corp.* and discussed above.

In opposition, plaintiff argues that defendant has offered no proof establishing lack of meaningful consideration for the assignment, that lack of consideration for an antecedent debt is in any event not a defense to an action on an instrument, and that defendant's claim is frivolous because defendant took title to the property subject to and with notice of the Second Mortgage. Mem. of Law in Opp'n to the Cross-Mot. for Summ. J. ("Pl.'s Opp'n Mem.") at 5, Dkt. 36. All three of plaintiff's counterarguments fail for one reason: defendant's assertion under § 1359 is that this Court is without subject matter jurisdiction to hear this foreclosure action. With

respect to plaintiff's assertion that defendant has not provided sufficient proof of lack of consideration for the assignment, as the authorities cited above make clear, it is well established that it is not defendant's burden to show that the federal court lacks diversity jurisdiction. Rather, it is plaintiff's burden to affirmatively demonstrate that the federal court has diversity jurisdiction over this action. Accordingly, any lack in defendant's proof regarding the consideration actually paid or what would constitute sufficient consideration is irrelevant. By its memorandum of law, defendant has adequately raised a question as to whether subject matter jurisdiction lies with the federal court, thereby shifting to plaintiff the burden to meet the test imposed on it by § 1359 and the case law applying it.

Plaintiff's second argument, that an asserted lack of legally sufficient consideration is not a defense to an action on an instrument, also misses the mark. Defendant does not contend that the absence of consideration paid renders the assignment unenforceable. Rather, defendant points to the absence of consideration as a factor to be considered under § 1359 in determining whether plaintiff has manufactured diversity jurisdiction. Because it is plaintiff's burden to prove that diversity exists, it is plaintiff's burden to show that the totality of the circumstances weigh in favor of a finding that the primary purpose of the assignment was other than to manufacture diversity jurisdiction. As the authorities cited above note, the timing of and consideration paid for an assignment are critical factors in making this determination.

Plaintiff, clearly on notice that the assignment's timing and consideration raise concerns as to its purpose—defendant's § 1359 argument is set forth in a point heading in its memorandum of law and its argument spans seven pages of that memorandum—nevertheless does not provide any proof in its response of when, for what consideration, or for what valid business purpose the assignment was made. All plaintiff has provided with respect to timing is

an affidavit of its member, Jared Dotoli, stating that his review of plaintiff's business records indicates that plaintiff held the note on or before July 21, 2016.  Decl. of Alan H. Weinreb ("Weinreb Decl.") Ex. E ¶ 7, Dkt. 39-5.[4]  Even assuming that the assignment was made on that day, as the Court must absent proof from plaintiff of an earlier date of assignment, the timing of the assignment—one day before plaintiff issued notices of default to Dupont, the then-owner of the property, see Weinreb Decl. Ex. F, Dkt. 39-6—is inherently suspicious.  As for consideration, plaintiff has failed to submit any proof whatsoever of any consideration having been paid for the assignment.  Plaintiff's refusal or inability to provide information regarding the date of and consideration paid for the assignment, in the face of an explicit challenge from the defendant, raises the strong inference that the assignment was offensive to § 1359.

Plaintiff's third argument, that defendant lacks standing to assert this defense because it took title subject to and with notice of the Second Mortgage, has no bearing whatsoever on the proper forum in which the foreclosure action should have been brought.  As a named defendant in a diversity action, 10586 Flatlands clearly has standing to assert a defense based on subject matter jurisdiction.  Indeed, "[i]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."  *Manway Constr. Co. v. Housing Auth. of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983) (citing Fed. R. Civ. P. 12(h)); *see also Rapid Anesthesia Sols., P.C. v. Hajjar*, 2019 WL 263943, at *4 (E.D.N.Y. Jan. 18, 2019) (quoting *Manway Constr. Co.*, 711 F.2d at 503).

Finally, I note defendant's other challenge to jurisdiction, as initially stated in its answer, *see supra* note 3, that Yonel Devico, whom it claims to be a New York citizen, is either a

---

[4] Although Dotoli states in his affidavit that he is "a" member of the plaintiff LLC, *id.* ¶ 1, the complaint alleges that plaintiff is "a single member limited liability company," Compl. ¶ 2.

member of the plaintiff LLC or is a "real and substantial party to the controversy" who exercises control over plaintiff and receives proceeds from any recoveries, Def.'s Mem. at 9. Defendant submits five bases for this assertion: (a) a deed recorded on December 27, 2017, by which plaintiff acquired a property after foreclosure, to which is appended an affidavit of compliance sworn to on behalf of plaintiff on December 8, 2017, signed by "Yonel Devico, sole member," Wolk Decl. Ex. F at 6, Dkt. 35-8;[5] (b) two documents filed with the Florida Secretary of State: what appears to be an operating agreement plaintiff submitted, naming one Simy Devico as the initial sole member, and a registered agent change filed on November 14, 2016, in which the listed email address for plaintiff is yoneldevico@gmail.com, Wolk Decl. Ex. G at 2–3, Dkt. 35-9;[6] (c) an affidavit filed in another case by a residential mortgagor, in which the mortgagor attests to having entered into a transaction with Yonel Devico, who was acting on behalf of Gustavia, Wolk Decl. Ex. H at 2, Dkt. 35-10;[7] (d) an affidavit of Devico from another foreclosure action, in which he attests to being the member of an entity, Blue Lagoon LLC, which has the same principal place of business—104 SE 8th Avenue, Suite 2, Fort Lauderdale, Florida—as Gustavia, Wolk Decl. Ex. H at 6;[8] and (e) documents filed in another foreclosure action that seem to indicate that Devico was acting as a real and substantial party in interest over the entity, Wolk Decl. Exs. I–L, Dkt. 35-11 to 35-14.[9] Plaintiff's complaint, though, alleges that

---

[5] Exhibit F is comprised of multiple documents. The affidavit of compliance is found on the sixth page of Exhibit F.
[6] Exhibit G is comprised of multiple documents. The naming of Simy Devico as manager and member is on the second page of the exhibit, and yoneldevico@gmail.com is provided as Gustavia's email address for the registered agent change form on the third page of Exhibit G. Also, the naming of Simy Devico as manager is consistent with the version of the operating agreement plaintiff submitted. *See* Weinreb Decl. Ex. C ¶ 10.1.
[7] Exhibit H is comprised of multiple documents. The reference to Devico's acting as a representative of Gustavia is found in ¶ 8 of the affidavit of Cassandra Hickson, on the second page of Exhibit H.
[8] Devico names himself as the member of Blue Lagoon LLC in ¶ 1 of his affidavit, and provides Blue Lagoon LLC's principal place of business in ¶ 3. Both references are found on the sixth page of Exhibit H. Plaintiff Gustavia states in its complaint in this action that its principal place of business is at the same address indicated in Devico's affidavit for Blue Lagoon, LLC. Compl. ¶ 3.
[9] Exhibits I, J, and K are letters filed in *BSI Mortgage IV, LLC v. Kaushik*, 14-cv-1640, by counsel for the defendant in that case.

Gustavia's sole member is a Florida resident, Compl. ¶ 4, and, as noted above, its submissions in connection with the pending cross-motions include an affidavit of Jared Dotoli stating that he is that member. There is, accordingly, a dispute of fact with respect to Devico's role in Gustavia, and I do not rely upon any of the documents identified above in deciding that defendant's cross-motion for summary judgment should be granted. Nevertheless, I note that it does nothing to allay the Court's concerns regarding plaintiff's apparently collusive behavior that there is some evidence in the public record of an individual, possibly a New York citizen, claiming to be a member of Gustavia and acting in that capacity at or about the time that this action was filed.[10]

## CONCLUSION

The Second Circuit has held that "Section 1359 should . . . be construed broadly to bar any improper attempt to create federal diversity jurisdiction." *Prudential Oil Corp.*, 546 F.2d at 475. More specifically, the Circuit has noted that "[w]e give careful scrutiny to assignments which might operate to manufacture diversity jurisdiction, the reasons for which we have made abundantly clear: 'such devices, unless controlled, can provide a simple means of expanding

---

[10] Although defendant also contends that plaintiff's foreclosure action is time-barred, I note that it does not appear that plaintiff's claims would be untimely if refiled in state court. The statute of limitations for mortgage foreclosure actions is six years. N.Y. C.P.L.R. 213(4). This limitations period "begins to run from the due date for each unpaid installment, or from the time the mortgagee is entitled to demand full payment, or from the date the mortgage debt has been accelerated." *Plaia v. Safonte*, 45 A.D.3d 747, 748 (N.Y. App. Div. 2d Dep't 2007) (citations omitted). "Where the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation." *Wells Fargo Bank, N.A. v. Burke*, 94 A.D.3d 980, 982–83 (N.Y. App. Div. 2d Dep't 2012). Acceleration is plainly made optional for the holder here. *See* Compl. Ex. B (the "mortgage") ¶ 15, Dkt. 1-1 ("Subject to [limitations imposed by law], if any, Lender *may* accelerate the Secured Debt and foreclose this Security Instrument in a manner provided by law." (emphasis added)); Compl. Ex. C (the "note") ¶ 11, Dkt. 1-1 ("If you are in default . . . we *may* . . . accelerate the entire balance owing under this Note after any demand or notice which is required by law, which entire balance will be immediately due and payable." (emphasis added)). Plaintiff contends that it did not exercise its acceleration option until it commenced this action on July 14, 2017. Pl.'s Opp'n Mem. at 8. Although defendant challenges plaintiff's contention, its argument is based upon a case involving a mortgagee making a claim for surplus funds generated by a foreclosure sale and held in an escrow account. *See Greenpoint Sav. Bank v. Kijik*, 297 A.D.2d 359 (N.Y. App. Div. 2d Dep't 2002). Here, plaintiff merely filed a claim to any surplus monies that might be collected in a foreclosure action brought to enforce the First Mortgage, which action was later dismissed. Plaintiff therefore contends that *Kijik* is inapposite. Pl.'s Opp'n Mem. at 6–9. Assuming plaintiff is correct, it would have until 2023 to commence foreclosure proceedings in New York state court.

federal diversity jurisdiction far beyond [its] purpose.'" *Airlines Reporting Corp.*, 58 F.3d at 862 (quoting *Prudential Oil Corp.*, 546 F.2d at 474).

For all the reasons stated above, and having given careful scrutiny to the assignment at issue in this case, I conclude that plaintiff has failed to raise a genuine issue of material fact with respect to whether that assignment was made for any reason other than to manufacture diversity jurisdiction. I therefore respectfully recommend that defendant's cross-motion for summary judgment be granted and that this action be dismissed without prejudice to plaintiff's bringing this action in a proper forum.

Any objections to the recommendations made in this Report must be made within fourteen days after filing of this Report and Recommendation and, in any event, on or before February 18, 2019. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten-day limit).

/s/
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
February 4, 2019

*U:\#Clerk Files\Decisions 2018-2019\Gustavia Home LLC v. 10586 Flatlands 1 Realty Corp et al. - Summ. J. Motions R&R.docx*